UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEO MACHINE & TOOL, INC., )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>CLINE-ARMSTRONG )<br>INSURANCE AGENCY, INC., )<br>   Defendant. ) | No. 1:08 CV 174 |

## OPINION and ORDER

Plaintiff Leo Machine & Tool, Inc. ("Leo") provides tooling and engineering services to its clients. For several years, it engaged defendant Cline-Armstrong Insurance Agency, Inc. ("Agency") to obtain insurance covering its business risks. On August 27, 2007, a fire destroyed Leo's place of business and all of its contents. Leo had business personal property coverage in the amount of $250,000, which it has been paid, but which is not nearly enough to cover its substantial loss. Leo then brought the present suit, alleging that Agency negligently failed to advise it of the amount of insurance coverage it needed, and failed to obtain coverage in the appropriate amount. Agency has moved for summary judgment. The matter now before the court is Agency's motion for summary judgment pursuant to FED. R. CIV. P. 56. (DE # 21.)

The FEDERAL RULES OF CIVIL PROCEDURE mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A summary judgment is required, after adequate time for discovery, against a

party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (commenting on portions of RULE 56(c) which, as of December 1, 2010, are in subpart (a)). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe*, 42 F.3d at 443.

Agency argues that it is entitled to summary judgment because Leo failed to file suit within the applicable limitations period. Alternatively, Agency argues that it had no "special duty" to Leo, encompassing a duty to render advice on the amount of insurance needed, so it cannot be held liable for any alleged negligence in connection therewith. In the discussion that follows, the court refers only to undisputed facts, or,

2

where there is a dispute, to the version of the fact or inference therefrom that is most favorable to Leo.

*1. Statute of limitations*

The parties agree that the applicable statute of limitations is provided by Ind. Code § 34-11-2-4, and is two years. Furthermore, they agree that the period begins to run when the "'plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result'" of the defendant's tortious act. *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quoting *Wehling v. Citizen's Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). In most cases involving a claim of wrong or inadequate coverage, that will be when coverage starts and the policy is first received, because ordinary care and prudence in every business transaction requires parties to read their contracts. *Id*. However, the date that coverage is initially obtained does not control every case. The dispositive question is when the insured, "in the exercise of ordinary diligence, could have discovered that they were underinsured." *Id.* at 1084 (Ind. 2008).

In the present case, the parties' only disagreement is as to the point in time when Leo, in the exercise of reasonable diligence, should have discovered that it was uninsured. The facts the court finds pertinent to the issue are as follows.

Leo first asked Agency to obtain business insurance for it in 1998. Agency obtained a "commercial package policy" containing liability and property coverages from the Westfield Insurance Company ("Westfield"). The policy was thereafter

annually renewed by Westfield on September 14 of every year. Prior to September of 2005, the policy contained "business personal property" coverage with a limit of $150,000.[1] On September 1, 2005, Leo requested that its business personal property coverage limit be increased to $250,000. (DE # 22-5 at 2, ¶ 6, and at 5.) Westfield issued an amended declarations page for the policy, showing that the increase in coverage was effective September 1, 2005, and Agency's file copy of that amended page has a handwritten note indicating that a copy was mailed to Leo on September 27, 2005. (DE # 22-5 at 40.) In other words, although the amended declarations page was for the policy period ending September 14, 2005, which was already when the amendment was mailed to Leo, Leo did get written notice within a month of its request for an increase that the increase had taken effect on the date requested.[2]

The declarations page for the next annual renewal, commencing on September 14, 2005, shows the new business personal property limit of $250,000. (DE # 22-5 at 45.) At some point in the remainder of 2005, one of Leo's owners, David Smith, requested Agency to increase the business personal property coverage, first to $300,000, then to $330,000.[3] (DE # 22-1 (dep. pages/lines 68:19-69:3).) There is no record of any

---

[1] The limit may have been lower prior to April of 2001. One of Leo's owners, David Smith, thinks that the limit was increased at that time. (DE # 22-1 at 5 (dep. page/line 31:18).)

[2] Leo had obtained new machinery, making it prudent to increase the limit immediately instead of waiting to do so on the date of the policy renewal.

[3] Whether Leo made the requests, and if so when, is disputed. Assuming that Leo made the second request on the last day of 2005 gives Leo the most favorable inference.

4

such requests for an increase in Agency's file maintained for its business with Leo. (DE # 22-5 at 3, ¶ 13.) The declarations page for the annual policy renewal commencing on September 14, 2006, again shows a limit of $250,000.

Leo filed the present suit on May 16, 2008. (DE # 1 at 1.) Agency argues that the suit is untimely because the two-year limitations period expired on January 31, 2008. Agency's argument for that expiration date is as follows. Assuming that Leo requested its last increase in coverage on December 31, 2005, it would have been mailed, and received, an amended declarations page no later than January 31, 2006, one month later. Agency argues that Leo would have known this based on the same thing having occurred three months previously, at the end of September, 2005, after Leo requested the increase to $250,000. Thus, when Leo received nothing by January 31, 2006, it knew, or in the exercise of reasonable diligence, could have known, that its coverage limit remained at $250,000. The two-year statute of limitations therefore began to run on January 31, 2006, and Leo's suit commenced on May 16, 2008, was over three months late.

Leo's argument in opposition is that the first time it would have discovered, in the exercise of ordinary diligence, that its coverage had not been increased to $330,000, was when it received the declarations page for the policy renewal commencing

5

September 14, 2006. Thus, it had until September 14, 2008, to file its suit, and it beat that deadline by 4 months.[4]

The court finds that it agrees with Agency. The amended declarations page sent to Leo on September 27, 2005, should have caught Leo's attention since it was for an annual policy period that had already ended, making Leo realize that the purpose of the page was to provide written confirmation of its increase in coverage. Therefore, when Leo received nothing to confirm its subsequent requested increases, it should have realized that something was amiss. Even if Leo paid no attention to how its previous request for a coverage increase was handled (which, it should be noted, is something less than an exercise of ordinary diligence), the common experience of any person who has ever dealt with an insurance agent and/or company is that when a change in coverage is requested—whether that change is to add, drop or increase coverage—some type of written confirmation of the change is received within a reasonable time thereafter. In short, even if January 31, 2006, was too soon for Leo to have become aware

---

[4] Leo makes a skeletal attempt to argue for a later deadline, saying that in a case such as the present where the plaintiff alleges that its agent failed to garner information from the insured and secure appropriate and adequate coverage, it "would suggest that the heightened duty is continually breached unless and until the agent obtains that additional information, advises the insured of adequate coverage, and secures that coverage." (DE # 25 at 8.) This is all that Leo has to say on the issue, and no authority whatsoever is cited. Thus, this suggestion does not rise to the level of an argument. Moreover, if Leo's suggestion became the rule, the statute of limitations would never begin to run until the insured sustained a loss. This would contradict the holding of the Indiana Supreme Court in *Filip*, rejecting substantially the same argument: "[I]f we accept the Filips' argument, then the insureds become free riders, paying lower premiums, perhaps for many years, and then retaining the ability to claim the benefit of higher coverage if a loss is incurred." *Filip v. Block*, 879 N.E.2d 1076, 1083-84 (Ind. 2008).

that its coverage was not increased, it should have realized at some point in the next three months, prior to May 16, 2006, that there was a problem, and asked Agency why its request for an increase had been ignored. Thus, the two-year statute of limitations expired some time before May 16, 2008, and Agency is entitled to summary judgment because Leo did not file a timely action.

*2. Existence of a special duty*

Having concluded that this action is barred by the statute of limitations, any opinion the court would render on the issue of whether Agency owed Leo a special duty would be advisory. Therefore, the court will not address the parties' arguments on this issue.

## *CONCLUSION*

For the foregoing reasons, Cline-Armstrong Insurance Agency, Inc.'s Motion for Summary Judgment (DE # 21) is **GRANTED**; and its Motion to Strike (DE # 29) shall be **TERMINATED** as moot because of this ruling. The clerk shall **ENTER FINAL JUDGMENT** in favor of defendant Cline-Armstrong Insurance Agency, Inc., and against Leo Machine & Tool, Inc., which shall take nothing by way of its complaint.

**SO ORDERED.**

Date: March 14, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT